# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WASHAM,<br><br>                Plaintiff,<br>vs.<br><br>JEFF RABINE; SCHOOL DISTRICT;<br>COLLEGE POLICE, HEADQUARTERS<br><br>                Defendants. | Civil No. 3:12CV2433-GPC-BLM<br><br>**ORDER *SUA SPONTE* DISMISSING AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

On December 11, 2012, Plaintiff filed an amended complaint pursuant to the Court's order filed on November 13, 2012 granting Plaintiff's motion to proceed *in forma pauperis* ("IFP"); dismissing the Complaint *sua sponte* for lack of subject matter jurisdiction; and denying Plaintiff's motion for appointment of counsel as moot. (Dkt. Nos. 4, 6.) For the following reasons, the Court *sua sponte* DISMISSES his suit for lack of federal subject matter jurisdiction.

**Discussion**

On November 13, 2012, the Court granted Plaintiff's motion to proceed IFP. (Dkt. No. 4.) An IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to adjudicate the issues presented. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94-95 (1998). Accordingly, federal courts are under a continuing duty

1  to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises
2  as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)
3  (citations omitted).
4      Federal courts are courts of limited jurisdiction.  Unlike state courts, they have no 'inherent'
5  or 'general' subject matter jurisdiction.  They can adjudicate only those cases which the Constitution
6  and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal
7  question, or to which the United States is a party.  See Finley v. United States, 490 U.S. 545 (1989).
8  Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing
9  the contrary rests upon the party asserting jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511
10 U.S. 375, 377 (1994).
11     The amended complaint alleges no facts to support his allegations against Defendants.  He
12 merely recites the Court's ruling in the case.  Accordingly the Court DISMISSES the complaint for
13 lack of subject matter jurisdiction.

**Conclusion**

15     For the reasons set forth above, the Court *sua sponte* DISMISSES the amended complaint
16 without prejudice for lack of subject matter jurisdiction.  The Court GRANTS Plaintiff thirty (30) days
17 from the date stamped on this order to file a second amended complaint curing the deficiencies of
18 pleading identified above.
19     **IT IS SO ORDERED.**

21 DATED: January 16, 2013

          _____
          HON. GONZALO P. CURIEL
          United States District Judge