# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WASHAM,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>JEFF RABINE; SCHOOL DISTRICT; COLLEGE POLICE, HEADQUARTERS<br><br>　　　　　　　Defendants. | Civil No. 3:12CV2433-GPC-BLM<br><br>**ORDER *SUA SPONTE* DISMISSING SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

On April 11, 2013, Plaintiff filed a second amended complaint pursuant to the Court's order filed on January 16, 2013 *sua sponte* dismissing his suit for lack of federal subject matter jurisdiction. (Dkt. No. 11.) Based on the reasoning below, the Court *sua sponte* dismisses the second amended complaint for lack of subject matter jurisdiction.

## Discussion

On November 13, 2012, the Court granted Plaintiff's motion to proceed IFP. (Dkt. No. 4.) An IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). It is well-established that a federal court cannot reach the merits of any dispute until it confirms that it retains subject matter jurisdiction to

adjudicate the issues presented. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 94-95 (1998).  Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)  (citations omitted).

Federal courts are courts of limited jurisdiction.  Unlike state courts, they have no 'inherent' or 'general' subject matter jurisdiction.  They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal question, or to which the United States is a party.  See Finley v. United States, 490 U.S. 545 (1989).  Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

The second amended complaint presents many factual statements; however, Plaintiff does not allege any causes of action based on these facts.  As such, he has not established federal subject matter jurisdiction based on diversity or a federal question.  Accordingly the Court DISMISSES the second amended complaint for lack of subject matter jurisdiction.

## Conclusion

For the reasons set forth above, the Court *sua sponte* DISMISSES the second amended complaint without prejudice for lack of subject matter jurisdiction. The Court GRANTS Plaintiff thirty (30) days from the date stamped on this order to file a third amended complaint curing the deficiencies of pleading identified above.

**IT IS SO ORDERED.**

DATED:  May 1, 2013

HON. GONZALO P. CURIEL
United States District Judge